**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Rickie Kendricks (S-10409), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19 C 4568 |
| v. | ) | |
| | ) | Judge John J. Tharp, Jr. |
| LaTanya Williams, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

In this *pro se* civil rights lawsuit pursuant to 42 U.S.C. § 1983, Plaintiff Rickie Kendricks, a state prisoner, alleges he was denied proper medical care by a correctional officer at Stateville Correctional Center after a cell door shut on his finger. Before the Court is Defendant Jacquetta Westley's motion for summary judgment, to which Kendricks has responded. For the reasons stated below, Westley's motion is granted.

**I. Summary Judgement Standard**

Pursuant to Federal Rule of Civil Procedure 56(a), a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material facts exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). A fact is material

1

if it might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 508 (7th Cir. 1992).

The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the party moving for summary judgment demonstrates the absence of a disputed issue of material fact, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carrol v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-movant must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Hannemann v. Southern Door Cty Sch. Dist.*, 673 F.3d 746, 751 (7th Cir. 2012). "Thus, 'summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."' *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992) (quoting *Celotex*, 477 U.S. at 322 (1986)); *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1032 (7th Cir. 2019).

When deciding a motion for summary judgment, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

**II. Northern District of Illinois Local Rule 56.1**

Local Rule 56.1 governs the procedures for filing and responding to motions for summary judgment in this court. The rule is intended "to aid the district court, 'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information,' in determining whether a trial is necessary." *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (citation omitted.) Local Rule 56.1(a)

requires the moving party to provide a statement of material facts that complies with Local Rule 56.1(d). N.D. Ill. L. R. 56.1(a). Local Rule 56.1(d) requires that "[e]ach asserted fact must be supported by citation to the specific evidentiary material, including the specific page number, that supports it. The court may disregard any asserted fact that is not supported with such a citation." N.D. Ill. 56.1(d)(2).

The opposing party must then respond to the movant's proposed statements of fact. *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005); N.D. Ill. L. R. 56.1(e). In the case of any disagreement, "a party must cite specific evidentiary material that controverts the fact and must concisely explain how the cited material controverts the asserted fact. Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material." N.D. Ill. L.R. 56.1(e)(3). "[M]ere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material." *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003). The party opposing summary judgment may also submit "a statement of additional material facts that complies with LR 56.1(d)." N.D. Ill. L. R. 56.1(b)(3). "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." *Id*. A plaintiff's *pro se* status does not excuse him from complying with Local Rule 56.1. *See Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006).

Westley filed a Rule 56.1 statement of material facts with her motion for summary judgment. (Dkt. 51.) Consistent with the local rules, Westley also provided Kendricks with a Local Rule 56.2 Notice, which explains what Local Rule 56.1 requires of a litigant opposing summary judgment. (Dkt. 54.)

In response, Kendricks submitted a "statement of undisputed disputed facts in support of his response" (Dkt. 56); a "declaration in opposition to Defendant's motion for summary

3

judgment" (Dkt. 55); and a memorandum in support of his opposition (Dkt. 57.) Kendricks' "statement of disputed facts" is merely a verbatim recitation of Westley's statement of material facts without any indication of whether he agrees or disputes each statement. Therefore, Westley's statements of facts are deemed admitted. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880, 884 (7th Cir. 2012); N.D. Ill. L.R. 56.1(e)(3).

## IV. Relevant Facts

Plaintiff Rickie Kendricks was incarcerated at Stateville Correctional Center in July 2016. (DSOF, ¶¶ 1, 7.) Defendant Jacquetta Westley was a correctional officer at Stateville in July 2016. (*Id.*, at ¶ 2.)

On July 6, 2016, at approximately 6:30 a.m., Kendricks was keyed out of his cell by Westley for an early morning law library line. (*Id.*, at ¶ 7.) The law library line was cancelled that morning, so Kendricks was escorted back to his cell by Westley. (*Id.*, at ¶¶ 8-9.) Westley opened the door halfway when Kendricks started to enter his cell. (*Id.*, at ¶ 11.) The door to Kendricks' cell was difficult to open and close. (*Id.*, at ¶ 10.) Westley began to close the door when Kendricks stepped into the cell and his right hand was caught in the door. (*Id.*, at ¶ 12.) Kendricks' right index finger was also caught in the door as Westley closed the cell door. (*Id.*, at ¶ 13.) Kendricks yelled out and Westley apologized and reopened the door. (*Id.*, at ¶¶ 14-15.) Kendricks asked Westley for medical attention in light of an abrasion on his index finger and his swollen hand. (*Id.*, at ¶¶ 16-17.) Westley told Kendricks she would be back. (*Id.*, at ¶ 18.)

Later that morning, Kendricks spoke with another correctional officer about his hand and requested medical attention. (*Id.*, at ¶ 19.) That correctional officer had a nurse go to Kendricks' cell. (*Id.*, at ¶ 20.) Kendricks was taken to the Health Care Unit where his hand was examined and treated. (*Id.*, at ¶ 21.) X-rays taken of Kendricks' hand a few days later indicated no broken bones.

4

(*Id.*, at ¶ 22.) Following the x-rays, Kendricks received further treatment, including pain medication and physical therapy. (*Id.*, at ¶ 23.) Kendricks does not know why Westley did not come back to his cell or summon medical staff to his cell. (*Id.*, at ¶¶ 24-25.)

## V. Analysis

Given these facts, Westley moves for summary judgment. Westley argues that Kendricks' claim is time-barred and fails on the merits. While Westley's statute of limitations argument does not carry the day, the Court concludes summary judgment is warranted because the undisputed facts do not demonstrate that Westley was deliberately indifferent to Kendricks' injury.

### A. Statute of Limitations

Westley first argues Kendricks did not file this lawsuit within the two-year limitations period for 42 U.S.C. § 1983 actions and his claim is therefore time-barred. Section 1983 does not contain an express statute of limitations. Federal courts, therefore, look to the forum state's limitations period and tolling rules for personal injury claims. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). In Illinois, the limitations period applicable to § 1983 claims is two years. *Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 517 (7th Cir. 2019).

Accrual of a claim, however, is governed by federal law. "There is no single accrual rule for all § 1983 claims. Rather, [courts] use the rule that applies to the common-law cause of action most similar to the kind of claim the plaintiff asserts." *Devbrow v. Kalu*, 705 F.3d 765, 767-68 (7th Cir. 2013) (citing *Wallace v. Kato*, 549, U.S. 384, 387-88 (2007)). A cause of action accrues "when a plaintiff knows the fact and the cause of an injury," although accrual is not delayed simply because the full extent of the injury is not yet known. *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 (7th Cir. 2017) (quoting *Wallace*, 549 U.S. at 391). However, that the limitations period is tolled while an inmate exhausts administrative remedies, which is required

5

before bringing suit. *See Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001); 42 U.S.C. § 1997e(a).

The parties do not dispute that Kendricks' claim accrued on July 6, 2016, when Westley did not get him immediate medical attention for his finger. Kendricks argues that his claim is timely because the statute of limitations was tolled while he exhausted his administrative remedies. Westley fails to address any tolling of the statute of limitations in her opening brief. Kendricks includes two grievances in opposition to Westley's motion. The first grievance was submitted on July 14, 2016. (Dkt. 55, pg. 6.) This grievance addresses Westley's failure to get Kendricks medical attention. (*Id.*) The initial response, received July 22, 2016, indicates that the grievance has been forwarded to the grievance office and that Kendricks will get a response once the heath care unit responds to the grievance. (*Id.*) Neither party indicates when a final response was received.

The second grievance Kendricks relies on was submitted on July 14, 2017. (*Id.*, pg. 8.) However, that grievance pertains only to Kendricks' complaints of not receiving proper medical care by medical staff – not the defendant in this action. (*Id.*) Accordingly, this grievance would not toll the statute of limitations period for this case.

In her reply, Westley correctly argues that the second grievance would not toll the statute of limitations. However, Westley fails to address the first grievance and when the tolling period would end because that grievance was complete. Westley bears the burden of demonstrating that Kendricks' claim is time-barred, and she has failed to do so without fully addressing Kendricks, initial grievance.

6

### **B. Deliberate Indifference to a Serious Medical Condition**

Next, Westley Kendricks has not produced evidence to satisfy all elements of an Eighth Amendment deliberate indifference claim. "Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display 'deliberate indifference to serious medical needs of prisoners.'" *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *see also McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013). Prison official may exhibit deliberate indifference to a known condition by delaying necessary treatment and thus aggravating the condition. *Gomez v. Randle*, 680 F.3d 859, 865-66 (7th Cir. 2012). Deliberate indifference to a serious medical need means that a prison official knew that a prisoner faced an excessive risk to his health then disregarded that risk by failing to take reasonable measures to address it. *Greeno,* 414 F.3d at 653 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Deliberate indifference is intentional or criminally reckless conduct rather than merely negligent conduct. *McGee*, 721 F.3d at 480-81.

An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *See Reed v. McBride*, 178 F.3d 849, 852 (7th Cir.1999).

Here, at the time of the incident, Kendricks' finger had an abrasion and his hand was swollen. While these injuries may have caused discomfort, there is no evidence that a lay person would perceive the injuries as particularly serious at the time of the incident. *See, e.g., Pinkston v. Madry*, 440 F.3d 879, 891 (7th Cir. 2006) (split lip and swollen cheek not serious medical

7

conditions); *Davis v. Jones*, 936 F.2d 971, 972-73 (7th Cir. 1991) (scraped elbow and small cut to temple not serious medical conditions); *Whitmore v. Walker*, No. 04-CV-837-JPG, 2009 WL 900034, at *6 (S.D. Ill. Mar. 27, 2009) (finding a lay person would not perceive bruises and swelling as a serious medical condition requiring immediate medical attention); *Nevarez v. Sweeney*, No. 16 C 3319, 2019 WL 4694933, at *7 (N.D. Ill. Sept. 25, 2019) (bruises on head not a serious medical condition); *Harris v. Vance*, No. 18-CV-803-JPS, 2019 WL 3804705, at *2 (E.D. Wis. Aug. 13, 2019) (back and neck pain, and scratches on arm caused by car crash not a serious medical condition).

    Nor can Kendricks meet the subjective prong of deliberate indifference test. The minimal demonstrable injuries would not indicate that Westley knew that Kendricks faced an excessive risk to his health then disregarded that risk by failing to take immediate reasonable measures to address it. Failing to provide immediate medical attention for an abrasion and a swollen hand does not rise to reckless conduct. *See Whitmore v. Walker*, No. 04-CV-837-JPG, 2009 WL 900034, at *6 (lay person's failure to provide immediate medical treatment for bruised and swollen ankle did not constitute reckless conduct). For all we know on this record, moreover, Westley had every intention of following up on Kendrick's injury but was prevented from doing so by circumstances beyond her control. Even if Westley simply forgot to circle back to Kendricks because she became distracted by other duties, her conduct could be characterized only as negligent, not deliberately indifferent. In short, the mere fact that Westley did not arrange for medical treatment for Kendrick does not mean that she was deliberately indifferent to a serious medical need.

    Lastly, before recovering on his claim Kendricks must also demonstrate with "verifying medical evidence that the delay in medical care caused some degree of harm." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 347 (7th Cir. 2018); *see also Grieveson v. Anderson*, 538 F.3d 763, 779

(7th Cir. 2008); *Williams v. Liefer*, 491 F.3d 710, 714-15 (7th Cir. 2007). Kendricks has not demonstrated that the minimal delay in receiving medical care for his finger/hand caused some degree of harm.

## VI. Conclusion

For the reasons stated above, the Court grants Westley's motion for summary judgment [49], and dismisses Kendricks' claim with prejudice. Final judgment shall enter.[1]

Date: April 22, 2021

John J. Tharp, Jr.
United States District Judge

---

[1] If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Id.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court. *See* Fed. R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).